Prob 12B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION
WITH CONSENT OF THE OFFENDER
*(Probation Form 49, Waiver of Hearing, is on file)*

| | |
|---|---|
| **Offender Name:** | Wade William GRISSOM |
| **Docket Number:** | 1:09CR00091-001 |
| **Offender Address:** | Bakersfield, California |
| **Judicial Officer:** | Honorable Lawrence J. O'Neill<br>United States District Judge<br>Fresno, California |
| **Original Sentence Date:** | 12/18/2009 |
| **Original Offense:** | 18 USC 471 and 2 - Counterfeiting Obligation and Securities of the United States, and Aiding and Abetting<br>18 USC 472 and 2 - Passing and Possession of Counterfeit Obligations and Securities of the United States, and Aiding and Abetting<br>(CLASS C FELONIES)<br>18 USC 474 and 2 - Digital and Electronic Images for Counterfeiting Obligations and Securities of the United States, and Aiding and Abetting<br>(CLASS B FELONY) |
| **Original Sentence:** | 12 months BOP; 60 months TSR; $300 SA; mandatory drug testing. |
| **Special Conditions:** | No weapons; collection of DNA; warrantless search and seizure; financial disclosure; substance abuse treatment and testing; mental health treatment; co-payment. |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 01/19/2011 |
| **Assistant U.S. Attorney:** | Kirk E. Sherriff      **Telephone:** (559) 497-4000 |
| **Defense Attorney:** | Douglas J. Beevers      **Telephone:** (559) 487-5561 |

**RE:    Wade William GRISSOM**
**Docket Number:  1:09CR00091-001**
**PETITION TO MODIFY THE CONDITIONS OR TERM**
**OF SUPERVISION WITH CONSENT OF THE OFFENDER**

**Other Court Action:**

<u>10/09/2012</u>:    12A1 filed with the Court advising the defendant tested positive for amphetamine and methamphetamine.  The probation officer recommended no negative action be taken as the defendant was referred for mental health and substance abuse treatment and testing.  The Court approved on October 9, 2012.

PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

1. The defendant shall reside and participate in an inpatient treatment program to obtain assistance for drug and/or alcohol abuse, for a period of up to 90 days, **and up to 10 additional days for substance abuse detoxification services if deemed necessary.**

**Justification:**   Telephonic contact was received from the defendant on October 11, 2012, during which he stated he got into an argument with his wife during lunch.  He ultimately left town and responded to his mother's grave side.  The probation officer spoke with the defendant over the course of one hour and he later responded to his grandmother's and spent the night there.  He was instructed to phone the probation officer on October 15, 2012, and advise of his situation but continue to call in for testing and attend counseling.  The defendant phoned this officer as instructed on October 15, 2012, and advised he returned to Bakersfield October 13, 2012, but he and his wife have not since discussed their problems.

Contact was made with the defendant on October 17, 2012, at the contract treatment facility where he was waiting for his appointment with the psychiatrist.  The defendant said earlier in the day he had a counseling session with his wife and their pastor and was positive about the situation.

RE:   Wade William GRISSOM
      Docket Number:  1:09CR00091-001
      PETITION TO MODIFY THE CONDITIONS OR TERM
      OF SUPERVISION WITH CONSENT OF THE OFFENDER

A home visit was conducted and contact made with the defendant on October 18, 2012. After much discussion and counseling, the defendant admitted using methamphetamine on October 14, 2012, after a disagreement with his neighbor. The defendant said he smoked "one hit" at a friend's. He denied any other drug use. This officer re-instructed the defendant as to his term of supervision not to have contact with any person convicted of a felon or engaged in criminal activity. The defendant repeatedly asked for a "last chance" to remain in the community because of his recent counseling with his family and offered to attend additional NA/AA meetings. Therefore, the defendant was instructed to attend one NA/AA meeting daily in addition to his obligations to attend mental health and substance abuse counseling and testing through the contract treatment provider, to which he agreed. The defendant was advised that one missed meeting or test or another positive test would result in request for an inpatient drug treatment program or other court action. The defendant signed a Probation Form 49 agreeing to the modification in the event he failed to comply with the instruction. He was also provided with a list of all the known NA/AA meetings in the county.

The defendant responded to the probation office on October 26, 2012, as instructed to discuss his compliance. The defendant was not in possession of records showing attendance at NA/AA meetings the past week because he forgot to retrieve his card the night prior after the meeting. The defendant was admonished and instructed to return to the church that day and obtain the card. The defendant returned later that day with the card showing he attended October 20, 22, 23, 24 and 25, 2012. He could offer no explanation as to the missed meetings on October 18 and 19 but said he missed a meeting October 21 because he attended a swap meet all day. Later that same day, a fax was received from the contract treatment provider advising the defendant submitted a urine sample on October 12, 2012, as identified by barcode B02364747, which was submitted to Alere Toxicology Services, Inc and returned as positive for amphetamine and methamphetamine.

On October 29, 2012, notice was received from the contract treatment provider that the defendant failed to respond to their office on October 26, 2012, for a random drug test.

On November 2, 2012, the defendant responded to the probation office as instructed to discuss his compliance. The defendant submitted an NA/AA meeting card showing he attended counseling daily October 26 through 31 and November 1. When questioned about the missed drug test, the

RE:    Wade William GRISSOM
       Docket Number:  1:09CR00091-001
       **PETITION TO MODIFY THE CONDITIONS OR TERM**
       **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

defendant emphatically stated he called in the morning of October 26, 2012, and his "color" was not called.  The probation officer reminded the defendant, however, that his individual ID could have been called which the defendant admitted he was not listening for and was instructed to do so in the future.  When confronted with the positive drug test from October 12, 2012, the defendant eventually admitted he smoked "two pulls" with a friend after he got into the argument with his wife which "made me normal."  The probation officer counseled the defendant as to his attempt to legitimize his drug use and to discuss that with his counselor further.

On November 6, 2012, notification was received from the contract treatment provider that the defendant submitted a urine sample on October 22, 2012, as identified by barcode B02364759 which was submitted to Alere Toxicology Services Inc and returned positive for amphetamine and methamphetamine.

On November 7, 2012, notification was received from the contract treatment provider that the defendant failed to respond to their office to submit a random drug test on November 6, 2012.

Based upon all of the above, it appears the defendant is no longer able to address his drug addiction in the community with the assistance of counseling efforts and is in need of a more structured setting.  Therefore, it is requested he be ordered to complete an inpatient treatment program which he previously consented to on October 18, 2012.  It is hoped this final opportunity afforded to him will be sufficient time to allow him to obtain and maintain sobriety.  In the event there is further violation conduct, this officer will seek a petition.

RE:  Wade William GRISSOM
     Docket Number:  1:09CR00091-001
     PETITION TO MODIFY THE CONDITIONS OR TERM
     OF SUPERVISION WITH CONSENT OF THE OFFENDER

Respectfully submitted,

/s/ Julie R. Martin

**JULIE R. MARTIN**
**United States Probation Officer**
Telephone:  (661) 321-3817

DATED:    November 7, 2012
          Bakersfield, California
          JRM:jrm

                       /s/ Ben Blankenship for Thomas A. Burgess
**REVIEWED BY:**      _____
                       **THOMAS A. BURGESS**
                       **Supervising United States Probation Officer**

---

**THE COURT ORDERS:**

( X )  Modification approved as recommended.


cc:  United States Probation
     Kirk E. Sherriff, Assistant United States Attorney
     Douglas J. Beevers, Assistant Federal Defender
     Defendant
     Court File
IT IS SO ORDERED.

Dated:   November 8, 2012              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

Rev. 02/2012
VIOLATION__PETITION (PROB12B)
(MODIFICATION).WPD